UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AVERY,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSAN KRONES, et al.,<br><br>  Defendants. | Case No. 13-cv-03372-JST (PR)<br><br>**ORDER REOPENING ACTION AND DISMISSING WITH LEAVE TO AMEND** |

On July 18, 2013, plaintiff, a California prisoner currently incarcerated at Napa State Hospital, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. On the same day the action was filed, plaintiff was ordered to file a complete application to proceed in forma pauperis ("IFP"), or pay the filing fee of $400.00, within 28 days, or face dismissal of the action. On October 15, 2013, the Court dismissed the action noting that plaintiff had failed to pay the filing fee or file a complete IFP application in the time provided. (See Docket No. 11.) On October 28, 2013, the Court received plaintiff's IFP application. Plaintiff notes that he did not receive the Clerk's notice regarding the filing fee until August 6, 2013 and that he had to wait for the signed Certificate of Funds and trust statement. Because it appears that the late filing was not the fault of plaintiff, the Court will reopen this action.

The Court will consider the late IFP application and rule on it in a separate order. The dismissal of this action for failure to file a completed IFP application is now VACATED. Having done that, the Court conducts a review of the complaint as required by 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff's complaint alleges that he was tried by a jury in Lake County in March 2012. Plaintiff's claims relate to the invalidity of the jury selection and other irregularities at trial. Specifically, plaintiff claims that two of his jurors worked for the Lake County Counsel's Office. He alleges that this created "a conflict of interest" because he had previously filed a civil action

against the Lake County Sheriff's Department. Plaintiff also claims there was a conflict of interest between him and his appointed public defender. Plaintiff names as defendants Lake County District Attorney Susan Krones, Lake County Public Defender Barry Melton, and the County Counsel's Office for Lake County.

It is evident that these claims would, if plaintiff were successful here, imply the invalidity of his 2012 conviction. The claims therefore appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487.

It does not appear that plaintiff's 2012 Lake County conviction of which he complains has been invalidated. Consequently, this claim must be dismissed, though plaintiff will be provided an opportunity to demonstrate that his conviction or sentence has been invalidated. If plaintiff does not do so, his claim will be dismissed without prejudice to plaintiff filing a new action should a cause of action ever accrue.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend in accordance with the standards set forth above. If plaintiff can cure the pleading deficiencies described above, he shall file an amended complaint within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-3372 JST (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further**

3

**notice to plaintiff.**

2. Plaintiff is further advised that an amended complaint supersedes the original complaint. Plaintiff may not incorporate material from the prior complaint by reference.

3. If plaintiff wishes to challenge his conviction or sentence, a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Before he may file a federal petition, however, plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

4. The Clerk shall reopen this action. The Clerk is further directed to send plaintiff both a blank civil rights form and blank habeas corpus form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: October 31, 2013



JON S. TIGAR
United States District Judge